NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERT CASON,

    Plaintiff,

v.

MIDDLESEX COUNTY PROSECUTOR OFFICE, OLD BRIDGE POLICE DEPARTMENT, OFFICER G. BRACHT, ANTONIO J. TOTO, and NEWARK NJ PUBLIC DEFENDERS' OFFICE,

    Defendants.

Civil Action No. 22-5503 (RK) (RLS)

**MEMORANDUM OPINION**

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon Plaintiff Robert Cason's ("Plaintiff") application to proceed *in forma pauperis*, together with Plaintiff's Complaint against Defendants Middlesex County Prosecutor Office, Old Bridge Police Department, Officer G. Bracht, Antonio J. Toto and the Newark, NJ Public Defenders' Office (collectively, "Defendants") (ECF Nos. 1, 1-3.) For the reasons explained below, Plaintiff's Complaint and application to proceed *in forma pauperis* are **DISMISSED** without prejudice. Plaintiff will have thirty (30) days to file an amended complaint with a renewed application to proceed *in forma pauperis*.

**I.    BACKGROUND**

The following facts are derived from Plaintiff's Complaint and accepted as true only for purposes of screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2). On September 11, 2022, Plaintiff filed a two-page Complaint alleging violations of 42 U.S.C. § 1983 and 18 U.S.C. § 1341 against five defendants. ("Compl.," ECF No. 1 at 1.) Plaintiff alleges generally that Defendants

committed perjury in a court proceeding. (*Id.* at 2.) Further, Defendants "fasif[ied] Plaintiff's name," thus committing forgery, and committed mail and wire fraud by using the "US Mail Service to facilitate the Perjury and Forgery." (*Id.*) Finally, Defendants were parties to a conspiracy against the United States. (*Id.*) For these claims, Plaintiff seeks damages of $250,000 from each Defendant. (*Id.* at 3.)

Plaintiff also filed an application to proceed *in forma pauperis* ("IFP"). (ECF No. 1-3.) However, apart from a signature, the date, and a few additional answers, Plaintiff entered zeroes in every single box. (*Id.* at 1–5.) For example, Plaintiff lists that he has zero cash, no bank accounts, no assets and no expenses. (*Id.*) Plaintiff noted that he was unemployed, but he did not elaborate if he is receiving unemployment benefits or any other financial assistance. (*Id.*)

## II. LEGAL STANDARD

### A. *In Forma Pauperis*

Under 28 U.S.C. § 1915, a plaintiff may proceed *in forma pauperis*, which allows the plaintiff to bring a civil suit without paying a filing fee. The Court engages in a two-step analysis when considering IFP applications: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse,* No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)); *West v. Cap. Police*, No. 23-1006, 2023 WL 4087093, at *2 (D.N.J. June 20, 2023) ("Once an application to proceed *in forma pauperis* has been granted, the Court is required to screen the complaint and dismiss the action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards.").

Section 1915(a) requires a Plaintiff to submit "an affidavit stating all income and assets, the plaintiff's inability to pay the filing fee, the 'nature of the action,' and the 'belief that the [plaintiff] is entitled to redress.'" *Martinez v. Harrison*, No. 23-3513, 2023 WL 5237130, at *1 (D.N.J. Aug. 15, 2023) (alteration in original) (quoting § 1915(a)). In screening a complaint under § 1915(e), the Court may dismiss the complaint *sua sponte* "if the complaint is frivolous, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are immune from such relief." *Id.* at *1. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

### B. Failure to Adhere to Rule 8's Pleading Requirements

Federal Rule of Civil Procedure 8 sets forth the general rules of pleading. Fed. R. Civ. P. 8. The Rule requires a Complaint to have: "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction;" "a short and plain statement of the claim showing that the pleader is entitled to relief;" and "a demand for the relief sought;" and "allegations [that are] simple, concise, and direct." Fed. R. Civ. P. 8(a),(d). These requirements apply to *pro se* litigants and should provide a defendant with notice of a claim against them. *Archie*, 2023 WL 5207833, at *2 (citations omitted).

## III. DISCUSSION

### A. *In Forma Pauperis* Application

The Court also denies without prejudice Plaintiff's application to proceed *in forma pauperis*. As discussed above, Plaintiff's application lists no expenses of any kind, no income and

3

no cash.[1] Plaintiff "must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Gross v. Cormack*, No. 13-4152, 2013 WL 5435463, at *2 (D.N.J. Sept. 27, 2013) (citing *Simon v. Mercer Cnty. Comm. College*, No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb 9, 2011)). This lack of information "does not include sufficient information for the Court to properly evaluate it or to confirm whether Plaintiff is able to pay the court fees" or to "determine Plaintiff's financial status." *Hedgepeth v. Helen Fuld Hosp.*, No. 22-6029, 2023 WL 4108510, at *1 (D.N.J. June 21, 2023) (denying IFP application without prejudice where Plaintiff did "not provide any sources of income," "list prior employment history over the last two years or, in the alternative, clearly state that he has been continuously unemployment over that period," "estimate . . . his cash assets or the amount of money that he has in bank accounts . . . [or] monthly expenses"). Plaintiff's application provides none of these required details, and the Court therefore denies the application to proceed *in forma pauperis* without prejudice for its renewal in thirty (30) days.

**B.    Review of Complaint**

Plaintiff's complaint does not adhere to the pleading standards of Rule 8. Plaintiff alleges generally that he was the victim of mail fraud and forgery, but he provides no detail on which specific Defendant committed these alleged acts or the factual circumstances underlying them. His spartan Complaint references a prior legal proceeding where Defendants allegedly committed perjury, but gives no time or date when the proceeding occurred, or which statements constituted the offense. Plaintiff further does not make clear each Defendant's involvement, nor whether any

---

[1] Plaintiff's IFP application resembles those submitted by individuals in prison. *See Bey v. Hillside Twp. Mun. Ct.*, No. 11-7343, 2012 WL 714575, at *1 (D.N.J. Mar. 5, 2012). However, Plaintiff does not appear currently imprisoned, as the address provided by Plaintiff indicates a public apartment building. The Court asks that Plaintiff supplement his IFP application with additional information so the Court may properly consider his financial status.

elements of his claims are satisfied. Plaintiff's mere conclusory statements regarding potential violations fail to provide "defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." *Smith v. Borow*, No. 19-8553, 2022 WL 1519222, at *3 (D.N.J. May 13, 2022) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Complaint and application to proceed *in forma pauperis* are **DISMISSED** without prejudice. Within thirty days, Plaintiff may file an amended complaint conforming to Rule 8's pleading requirements and may submit a new application to proceed *in forma pauperis*. An appropriate Order will accompany this Opinion.

_____
ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

Dated: September 1, 2023