UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT CASON,<br><br>Plaintiff,<br><br>v.<br><br>MIDDLESEX COUNTY PROSECUTOR OFFICE, *et al.*,<br><br>Defendants. | Civil Action No. 22-5503 (RK) (RLS)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court for screening of *pro se* Plaintiff Robert Cason's ("Plaintiff") proposed Amended Complaint, (ECF No. 10), pursuant to 28 U.S.C. § 1915. Also pending is Plaintiff's Motion for Recusal of the Honorable Tonianne J. Bongiovanni, U.S.M.J., who is not assigned to this matter. (ECF No. 14.) For the reasons explained below, Plaintiff's Amended Complaint is **DISMISSED** with prejudice and his Motion for Recusal is **DENIED**.

**I.      BACKGROUND**

Plaintiff filed suit against Defendants Middlesex County Prosecutor Office, Old Bridge Police Department, Officer G. Bracht, Antonio J. Toto, Newark NJ Public Defenders Office, Sayreville Police Department, and Officer C. Teator ("Defendants") in September 2022. (ECF No. 1.) After the matter was transferred to the Undersigned, this Court denied Plaintiff's application to proceed *in forma pauperis* ("IFP") on September 1, 2023. (ECF Nos. 5, 6.) The Court simultaneously screened Plaintiff's Complaint and dismissed it pursuant to 28 U.S.C. 1915(e) for violating Federal Rule of Civil Procedure 8(a)'s requirement to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." (*Id.*) The Court explained:

> Plaintiff alleges generally that he was the victim of mail fraud and forgery, but he provides no detail on which specific Defendant committed these alleged acts or the factual circumstances underlying them. His spartan Complaint references a prior legal proceeding where Defendants allegedly committed perjury, but gives no time or date when the proceeding occurred, or which statements constituted the offense. Plaintiff further does not make clear each Defendant's involvement, nor whether any elements of his claims are satisfied.

(ECF No. 5 (quoting *Smith v. Borow*, No. 19-8553, 2022 WL 1519222, at *3 (D.N.J. May 13, 2022)).)

Plaintiff filed a renewed IFP application and proposed Amended Complaint on November 30, 2023. (ECF Nos. 10, 11.) One month later, Plaintiff filed a purported "Appeal" that was docketed as a Notice of Appeal. (ECF No. 12.) Shortly afterwards, this Court reviewed and granted Plaintiff's renewed IFP application, (ECF No. 13), permitting Plaintiff to proceed without payment of fees on appeal. The Court deferred screening of Plaintiff's proposed Amended Complaint until the appeal was resolved. (*Id.*) On January 22, 2024, the Clerk of the Court for the Third Circuit Court of Appeals issued an Order noting that the "Appeal" Plaintiff had filed was actually Plaintiff's brief in his appeal of a separate matter. (ECF No. 15.) The Clerk of the Court therefore administratively closed Plaintiff's appeal from the matter at bar. (*Id.*)

As alleged in the Amended Complaint, *pro se* Plaintiff's suit is premised on two documents that Defendant the Middlesex County Prosecutor's Office ("MCPO") filed in a separate proceeding in federal court, Civil Action No. 18-2101 (the "2018 Matter").[1] The Amended Complaint alleges that on June 15, 2021, the MCPO filed a document in the 2018 Matter falsely asserting that the MCPO had served Plaintiff and falsifying Plaintiff's signature. (ECF No. 10 at

---

[1] The Amended Complaint does not provide this docket number, however the facts given in the Amended Complaint—the docket entries described, the parties involved, and the fact that the presiding Judge was named—enable the Court to determine the case number of the 2018 Matter. Incidentally, the 2018 Matter is the only other case in this District to which Plaintiff is a party.

2

2–3.) Plaintiff contends that because the "falsity" was carried out through use of the U.S. mail service, the MCPO "commit[ed] forgery and mail fraud in the process." (*Id.* at 2.) Plaintiff also complains about a letter the MCPO filed in the 2018 Matter on July 20, 2021, in which the MCPO allegedly admitted that a document was not served on Plaintiff and "corroborate[d] an attempt . . . to conceal the falsity of the June 15, 2021" filing. (*Id.* at 3.) The Amended Complaint cites various federal criminal statutes—18 U.S.C. § 1001, 18 U.S.C. § 1341, and 18 U.S.C. §§ 1621, 1623—under which Plaintiff claims the MCPO is liable. (*Id.* at 1–4, 14.)[2]

The June 15, 2021 and July 20, 2021 letters referenced in the Amended Complaint are available on the docket in the 2018 Matter. In that case, Plaintiff's amended complaint named the same seven Defendants named in the case at bar. *See* Am. Compl., Civil Case No. 18-2101 (D.N.J. June 10, 2021), ECF No. 26. On June 15, 2021, the MCPO filed a waiver of the service of summons, indicating that it had received a copy of Plaintiff's amended complaint in the 2018 Matter. *See* Wavier of Service, Civil Case No. 18-2101 (D.N.J. June 15, 2021), ECF No. 27. On July 20, 2021, the MCPO filed a letter stating that it had inadvertently failed to serve its June 15, 2021 motion to dismiss on Plaintiff. *See* Letter, Civil Case No. 18-2101 (D.N.J. Jul. 20, 2021), ECF No. 32. In its letter, the MCPO asked the Judge presiding over the 2018 Matter to relist its motion to dismiss to give Plaintiff "ample opportunity" to respond to the motion. *Id.*

On January 12, 2024, Plaintiff filed a Motion for Recusal seeking Judge Bongiovanni's recusal from the case at bar. (ECF No. 14.) The alleged actions that serve as the basis for recusal all occurred in the 2018 Matter, to which Judge Bongiovanni was assigned. (*See generally* ECF No. 14-1 (citing excerpts from the 2018 Matter).)

---

[2] The Amended Complaint includes other difficult-to-follow allegations and inapposite legal theories related to the MCPO's purported misstatements, including that the MCPO cannot "recant" its statements, that the MCPO is only liable for one offense under the "merger doctrine," and how the MCPO's fraudulent intent may be inferred from its actions. (ECF No. 10 at 4–13.)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(a), the District Court may authorize a plaintiff to proceed IFP and order a complaint to be filed without requiring the prepayment of filing fees. To guard against potential "abuse" of "cost-free access to the federal courts," *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (citing *Denton v. Hernandez*, 504 U.S. 25, 29 (1992)), 28 U.S.C. § 1915(e) empowers the District Court to dismiss an IFP complaint if it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citation omitted). For a complaint to survive dismissal under Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, "[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (citations omitted). A court must be mindful to hold a *pro se* plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## III. DISCUSSION

### A. Screening the Amended Complaint

*Pro se* Plaintiff's Amended Complaint fails to state a claim for several independent reasons and accordingly, must be dismissed. First, the criminal statutes on which Plaintiff bases his suit—18 U.S.C. § 1001 (false statements), 18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 1621 (perjury), and 18 U.S.C. § 1623 (false declarations), (ECF No. 10 at 1–4, 14)—do not provide for a private

4

right of action. *See Zierke v. United States*, 679 F. App'x 103, 105 (3d Cir. 2017) (18 U.S.C. § 1001); *Mickman v. Philadelphia Pro. Collections LLC*, No. 22-2598, 2023 WL 6392756, at *2 (3d Cir. Oct. 2, 2023) (18 U.S.C. § 1341); *Bey v. Qusim*, No. 19-16349, 2020 WL 4364332, at *2 (D.N.J. July 29, 2020) (18 U.S.C. § 1621); *Wagner v. Unemployment Comp. Bd. of Rev.*, 550 F. App'x 99, 100 (3d Cir. 2014) (18 U.S.C. § 1623). Dismissal is required on this basis alone.[3]

Even were the Court to look past that defect, the Amended Complaint fails to state a claim for the additional reason that the two filings in the 2018 Matter that form the core of the Amended Complaint's allegations do not evidence any wrongdoing.[4] Indeed, the two filings in the 2018 Matter appear entirely innocuous. The MCPO's June 15, 2021 filing was a waiver of the service of summons. *See* Wavier of Service, Civil Case No. 18-2101 (D.N.J. June 15, 2021), ECF No. 27. As the waiver states at the bottom of the page, its purpose is to "require[] certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint." (*Id.* (citing Fed. R. Civ. P. 4(d)).) Nowhere in the document does it indicate that the document was served on Plaintiff or contains his falsified signature, as Plaintiff alleges. (ECF No. 10 at 3–4.) As the document states, its purpose was to *help* Plaintiff by saving him the expense of effecting service.

Likewise, the July 20, 2021 letter, by its plain reading, belies Plaintiff's assertion that it "corroborates an attempt under 18 USC § 1001 to conceal the falsity of the June 15, 2021 Affidavit and Certificate of Service." (*Id.* at 3.) In the letter, the MCPO wrote to the Court that it had by "oversight" not served a copy of its motion papers on Plaintiff. *See* Letter, Civil Case No. 18-2101

---

[3] Plaintiff's claim under section 1001 must also be dismissed because the statute's text explicitly excludes statements made by "a party to a judicial proceeding, or that party's counsel . . . submitted by such party or counsel to a judge or magistrate in that proceeding" from the statute's ambit. 18 U.S.C. § 1001(b).

[4] In considering a matter at the motion to dismiss posture, the Court may consider any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citation and quotations omitted). The Amended Complaint extensively discusses the June 15 and July 21, 2021 letters in the 2018 Matter and Plaintiff's suit is premised on wrongdoing allegedly perpetuated by those filings. Therefore, the Court may rely on them to perform its section 1915 screening.

(D.N.J. Jul. 20, 2021), ECF No. 32. The MCPO requested that the Court set a new return date for its motion to afford Plaintiff "ample opportunity" to respond to the motion and indicated that it would send the motion to Plaintiff "via overnight, certified, and regular mail." *Id.* The letter is simply a party's admission, commonly and appropriately made in litigation, that it inadvertently made a mistake that it must correct. The letter contains no false statement and does not evidence any nefarious purpose. In fact, the letter represents the MCPO's attempt to deal fairly and candidly with a *pro se* Plaintiff and its request to correct its error without prejudicing Plaintiff's rights. Therefore, the Court finds that the two documents the Amended Complaint relies on evidence no wrongdoing and cannot serve as the basis for a suit against the MCPO.

Finally, the Amended Complaint must be dismissed against six of the Defendants (every party other than the MCPO) because it does not mention them at all apart from the caption. (*See generally* ECF No. 10.) A complaint must specifically allege which Defendants engaged in what wrongful conduct. *See, e.g.*, *Sheeran v. Blyth Shipholding S.A.*, No. 14-5482, 2015 WL 9048979, at *3 (D.N.J. Dec. 16, 2015) (dismissing the complaint because the "Complaint fails to separate out the liability for each defendant"); *Shaw v. Hous. Auth. of Camden*, No. 11-4291, 2012 WL 3283402, at *2 (D.N.J. Aug. 10, 2012) ("Even under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants." (citation omitted)). Without mentioning six of the seven Defendants—let alone specifying what each Defendant did—the Court is unable to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In sum, the Amended Complaint reflects a fundamental misunderstanding of the significance and purpose of routine filings made in connection with federal civil litigation. The two documents in the 2018 Matter Plaintiff relies on for this suit cannot support the independent

6

cause of action Plaintiff seeks to bring here. Therefore, Plaintiff's Complaint is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e).[5]

### B. Motion for Recusal

Plaintiff's Motion for Recusal seeks the recusal of Judge Bongiovanni from this matter. (ECF No. 14.) The Undersigned will address this Motion because Judge Bongiovanni is not assigned to this matter. Indeed, Judge Bongiovanni has never been involved with this case. Judge Bongiovanni has issued no decisions on this matter. To the extent Plaintiff complains of any actions taken by Judge Bongiovanni, those complaints appear to relate to the 2018 Matter, not pending before the Undersigned. (*See* ECF No. 14-1 (citing excerpts from the 2018 Matter).) There is no basis for a judge to be recused from a matter she presently has no involvement with. *See* 28 U.S.C. § 144 (requiring recusal of a "judge *before whom the matter is pending*" who "has a personal bias or prejudice" (emphasis added)); 28 U.S.C. § 455(a) (requiring disqualification of a judge from "any proceeding in which [the judge's] impartiality might reasonably be questioned"). For that reason, Plaintiff's Motion for Judge Bongiovanni's recusal is **DENIED**.

---

[5] The Court has considered whether dismissal without prejudice is appropriate in this matter. However, given the clear basis for Plaintiff's suit—entirely premised on two innocuous documents filed in the 2018 Matter that do not support the inferences Plaintiff draws from them—the Court concludes that Plaintiff will not be able to amend his complaint to state a claim premised on these documents. Therefore, dismissal will be with prejudice.

## CONCLUSION

For the reasons set forth above, **IT IS** therefore on this 9th day of May, 2024, **ORDERED** that:

1. The Clerk's Office is directed to **REOPEN** this matter for screening of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e);

2. Plaintiff's Amended Complaint (ECF No. 10) is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e);

3. Plaintiff's Motion for Recusal (ECF No. 14) is **DENIED**;

4. The Clerk's Office is directed to **TERMINATE** the Motion pending at ECF No. 14;

5. The Clerk's Office is directed to **CLOSE** this matter; and

6. The Clerk's Office shall serve on Plaintiff by regular U.S. mail this Memorandum Order to his address of record.

_____
ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE